PRECEDENTIAL

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

———

No. 05-3427

———

UNITED STATES OF AMERICA

v.

DARYL LONARD PARKER
a/k/a Daryl Lenard Parker
a/k/a Junior Parker
a/k/a JR Parker
a/k/a JR

Daryl Lonard Parker,
             Appellant

———

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 01-cr-00248-3)
District Judge: Honorable William W. Caldwell

———

Submitted Under Third Circuit LAR 34.1(a)
April 21, 2006

Before: SLOVITER, AMBRO, Circuit Judges, and DuBOIS,[*]
District Judge

(Filed: August 30, 2006)

———

---

[*] Honorable Jan E. DuBois, Senior District Judge for the Eastern District of Pennsylvania, sitting by designation.

William A. Fetterhoff
Fetterhoff & Zilli
Harrisburg, PA 17101

    Attorney for Appellant

Christy H. Fawcett
Office of United States Attorney
Harrisburg, PA 17108

    Attorney for Appellee

OPINION OF THE COURT

SLOVITER, Circuit Judge.

    Appellant Daryl Lonard Parker appeals his sentence of 349 months imprisonment imposed following a jury verdict finding him guilty of conspiracy to distribute more than five kilograms of cocaine and more than fifty grams of cocaine base ("crack") in violation of 21 U.S.C. § 846, and guilty of distribution and possession with intent to distribute (1) 500 grams or more, but less than 5 kilograms of, cocaine, and (2) 50 grams or more of crack in violation of 21 U.S.C. § 841(a)(1). Appellant Daryl Parker (also referred to by his street name, "JR") will be referred to throughout this opinion as "Parker." His cousins, Travis and Michael Parker, will be referred to by their full names. Parker does not challenge his conviction but makes the following arguments on appeal: (1) that his sentence is unreasonable under 18 U.S.C. § 3553(a) because of the disparity between his sentence and that of his co-defendant, and (2) that the District Court failed to provide a sufficient statement of reasons for the sentence as required by 18 U.S.C. § 3553(c). We write to provide guidance to sentencing courts presented with sentence disparities among co-defendants.

**I.**

Parker was arrested in June 2001. Two months later, the grand jury indicted him and three of his co-defendants – Travis Parker, Michael Parker and Thaddeus Westry – with conspiracy to distribute and possession with intent to distribute cocaine and crack in violation of 21 U.S.C. § 846 and with distribution and possession with intent to distribute cocaine and crack in violation of 21 U.S.C. § 841(a)(1). Michael Parker and Thadeus Westry pled guilty pursuant to negotiated plea agreements; Appellants Daryl Parker and Travis Parker proceeded to trial in August 2002.

During the trial, two key witnesses – Juan Estrella and Michael Parker – testified against Parker. Estrella, who sold cocaine out of New York City prior to his arrest in June 2000, testified that approximately every two weeks between 1998 and 1999 he would meet Parker in New York City and sell him ten to fourteen grams of cocaine. During these meetings, Estrella offered Parker a commission in the form of cocaine should Parker bring new clients to Estrella.

Parker introduced Michael Parker, his cousin, to Estrella. After purchasing cocaine from Estrella several times, Michael Parker in turn introduced his brother, Travis Parker, to Estrella. Parker taught both Michael and Travis how to prepare crack by "cooking" cocaine. After several trips to New York, Travis Parker requested that Estrella transport cocaine to York, Pennsylvania rather than selling it to Travis in New York City. Estrella made the trip to Pennsylvania ten to twelve times, selling cocaine to Travis Parker and others.

As noted above, the jury returned a guilty verdict on August 22, 2002, against Parker and Travis Parker on both the conspiracy and distribution counts. On April 28, 2003, Parker was sentenced to concurrent 349-month terms of imprisonment.[1]

---

[1] His Guidelines sentencing range was 360 months to life imprisonment, but his sentence reflected an 11-month adjustment for time served on a related York County case.

In May 2003, Michael Parker was sentenced to a 125-month term of imprisonment and Travis Parker was sentenced to concurrent 324-month terms of imprisonment. On appeal, this court affirmed the defendants' convictions but vacated their sentences, remanding for resentencing in light of United States v. Booker, 543 U.S. 220 (2005). United States v. Parker, 142 Fed. Appx. 19, 24 (3d Cir. 2005) (unpublished opinion).

On remand, the District Court resentenced Michael Parker and Travis Parker to 86 and 180 months of imprisonment, respectively. By contrast, it resentenced Parker to 349 months imprisonment, an identical term to that originally imposed. The Government had argued in favor of imposing Parker's original sentence even though it had not opposed a sentence reduction in the case of Travis or Michael Parker.

The Government gave several reasons for urging the District Court not to reduce Parker's sentence: (1) Parker had a more significant criminal history than Michael or Travis Parker, including several violent offenses, (2) Parker's introduction of his younger cousins, Michael and Travis Parker, to drug dealers in New York "transformed this drug case from a . . . small-time drug dealing operation in York [Pennsylvania], to a big-time drug dealing operation that was importing large quantities of powder cocaine and crack . . . from New York to York," App. at 48-49, and (3) Parker taught Michael and Travis Parker how to cook cocaine into crack. The prosecutor concluded, "Defendant defines the term recidivism. There's no reason to believe that his behavior would be any different if he were released early on this offense than it has been in the past." App. at 52.

In adopting the Government's recommendation, the District Court noted that Parker has a "terrible record." App. at 52. The Court stated that in contrast to the facts underlying the resentencings of Travis and Michael Parker, Parker's circumstances presented "a very aggravated situation." App. at 53. The District Court explained its decision to reduce only the co-defendants' sentences, noting that Michael Parker "was largely responsible for the convictions" at trial and that the younger Travis Parker "had nowhere near the criminal record that [Parker had] made for [him]self." App. at 53.

4

Parker timely filed a notice of appeal.

## II.

Parker argues that his sentence is unreasonable under United States v. Booker, 543 U.S. 22 (2005). In Booker, the Supreme Court held that the Sentencing Guidelines are to be treated as advisory, rather than mandatory, under the Sixth Amendment. Id. We have jurisdiction under 18 U.S.C. § 3742(a)(1) to review sentences for "reasonableness." United States v. Cooper, 437 F.3d 324, 327-28 (3d Cir. 2006); see Booker, 543 U.S. at 261.[2] Parker bears the burden of establishing that his sentence is unreasonable. Cooper, 437 F.3d at 332.

For a sentence to be reasonable, the "record must demonstrate the trial court gave meaningful consideration to the § 3553(a) factors."[3] Id. at 329. A district court need not

---

[2] We reject the Government's argument that the "unreasonableness" standard of review articulated in Booker is "not a ground for appeal conferring appellate jurisdiction over and above that conferred by section 3742(a)." Appellee's Br. at 17. As we held in Cooper, "We have jurisdiction to review [sentences] for reasonableness under 18 U.S.C. § 3742(a)(1) (authorizing the appeal of sentences 'imposed in violation of law')." Cooper, 437 F.3d at 327.

[3] The § 3553(a) factors, in pertinent part, are as follows:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;
(2) the need for the sentence imposed–
    (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
    (B) to afford adequate deterrence to criminal conduct;
    (C) to protect the public from further

"discuss and make findings as to each of the § 3553(a) factors if the record makes clear the court took the factors into account in sentencing." Id. at 329. We must ensure not only that the district court considered the § 3553(a) factors, but also that "those factors were reasonably applied to the circumstances of the case." Id. Because the trial court is "in the best position to determine the appropriate sentence in light of the particular circumstances of the case," our review of this application is deferential. Id. at 330.

Parker argues that his sentence is unreasonable because it failed to take into account "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct" as provided by § 3553(a)(6). To support this argument, Parker points to the disparity between his sentence and that of Travis Parker, which increased from a difference of 25 months' incarceration after the original sentences were imposed to a difference of 169 months' incarceration after resentencing.

---

        crimes of the defendant; and
        (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
(3) the kinds of sentences available;
(4) the kinds of sentence and the sentencing range established for–
        (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines . . . ;
(5) any pertinent policy statement issued by th Sentencing Commission pursuant to 28 U.S.C. 994(a)(2) that is in effect on the date the defendant is sentenced;
(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct. . . .

Parker concedes that "'a criminal defendant has no constitutional right to be given a sentence equal in duration to that of his or her co-defendants.'" United States v. Hart, 273 F.3d 363, 379 (3d Cir. 2001) (quoting United States v. Smith, 839 F.2d 175, 179 (3d Cir. 1988)).  He also concedes that "'disparity of sentence between co-defendants does not of itself show an abuse of discretion.'" Id. (quoting United States v. Cifuentes, 863 F.2d 1149, 1156 (3d Cir. 1988).

After Booker, district courts must "take account of the Guidelines together with other sentencing goals" provided in § 3553(a). Booker, 543 U.S. at 259-60.  We have concluded that Congress's primary goal in enacting § 3553(a)(6) was to promote national uniformity in sentencing rather than uniformity among co-defendants in the same case.  See United States v. Seligsohn, 981 F.2d 1418, 1428 (3d Cir. 1992) (citing United States v. Higgins, 967 F.2d 841, 845 (3d Cir. 1992)); see also United States v. Boscarino, 437 F.3d 634, 638 (7th Cir. 2006) ("[T]he kind of 'disparity' with which § 3553(a)(6) is concerned is an unjustified difference across judges (or districts) rather than among defendants to a single case").[4]  Therefore, a defendant

---

[4] In United States v. Flores, this court suggested that § 3553(a)(6) requires district courts to take into consideration "sentencing disparities among co-defendants." United States v. Flores, 2006 U.S. App. LEXIS 18365, at *34-*35 (2006). However, this suggestion was dictum. Section 3553(a)(6) was non-dispositive in Flores because, as the Flores panel recognized, the co-defendants in that case "were not similarly situated," id., and the plain language of § 3553(a)(6) provides that it is applicable only where there is a "need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct." (emphasis added).

Moreover, even if the statement in Flores were not dictum, we would be bound to follow our previous precedential interpretations of § 3553(a)(6): "To the extent that the decision of a later panel conflicts with existing circuit precedent, we are bound by the earlier, not the later, decision." United States v. Monaco, 23 F.3d 793, 803 (3d Cir. 1994); accord Ryan v. Johnson, 115 F.3d

cannot rely upon § 3553(a)(6) to seek a reduced sentence designed to lessen disparity between co-defendants' sentences.[5]

Although § 3553(a) does not require district courts to consider sentencing disparity among co-defendants, it also does not prohibit them from doing so. So long as factors considered by the sentencing court are not inconsistent with those listed in § 3553(a) and are logically applied to the defendant's circumstances, we afford deference to the court's "broad discretion in imposing a sentence within a statutory range." Booker, 543 U.S. at 233; accord Cooper, 437 F.3d at 330

---

193, 198 (3d Cir. 1997). This court "strictly adheres to its Internal Operating Procedure 9.1 which provides: 'It is the tradition of this court that the holding of a panel in a precedential opinion is binding on subsequent panels. Thus, no subsequent panel overrules the holding in a precedential opinion of a previous panel.'" Mariana v. Fisher, 338 F.3d 189, 201 (3d Cir. 2003).

[5] Prior to Booker, "[A]s a general proposition, sentence disparity among co-defendants [was] not a sufficient basis for departure." Seligsohn, 981 F.2d at 1428 (citing United States v. Higgins, 967 F.2d 841, 845 (3d Cir. 1992)). However, we held that "unusual circumstances" might "constitute an exception" to this rule. Id. at 1429. One such unusual circumstance might occur, we noted, where a prosecutor moved for a downward departure in the case of some but not all similarly situated co-defendants. Id. at 1428. We explained, "We are well aware that the Guidelines have transferred much discretion in the sentencing process from the courts to the prosecution. However, we do not believe that Congress intended that shift to be so drastic as to give the prosecution the power to bring about downward departures for some defendants while opposing like treatment for co-defendants similarly situated." Id.; see also United States v. Menyweather, 447 F.3d 625, 632 (9th Cir. 2006) (noting that a "discouraged factor may [nevertheless] be grounds for departure under the Guidelines if it is 'present to an exceptional degree or in some other way makes the case different from the ordinary case where the factor is present.'") (citing Koon v. United States, 518 U.S. 81, 96 (1996)); United States v. Hampton, 441 F.3d 284, 287 n.1 (4th Cir. 2006).

(quoting United States v. Williams, 425 F.3d 478, 481 (7th Cir. 2005)). Section 3553(a) both "sets forth numerous factors that guide sentencing" and "guide[s] appellate courts . . . in determining whether a sentence is unreasonable." Booker, 543 U.S. at 261. Where appropriate to the circumstances of a given case, a sentencing court may reasonably consider sentencing disparity of co-defendants in its application of those factors. See Koon v. United States, 518 U.S. 81, 109 (1996) (noting pre-Booker that unless the Guidelines explicitly prohibit downward departure on a particular ground, the sentencing court must determine whether the facts of the case warrant departure on that ground);[6] see also Menyweather, 447 F.3d at 633.

Even if § 3553(a)(6) were applicable to the co-defendants in the present case, § 3553(a)(6) by its terms plainly applies only where co-defendants are similarly situated. See United States v. Davis, 437 F.3d 989, 997 (10th Cir. 2006) ("While similar offenders engaged in similar conduct should be sentenced equivalently, disparate sentences are allowed where the disparity is explicable by the facts on the record."). Here, the Court specifically distinguished its reduction of Michael Parker's sentence on the grounds that Michael had assisted in convicting his co-defendants. Cf., e.g., United States v. Boscarino, 437 F.3d 634, 638 (7th Cir. 2006) ("[A] sentencing difference is not a forbidden 'disparity' if it is justified by legitimate considerations, such as rewards for cooperation."). It also properly distinguished Travis Parker's reduction in sentence, noting that he has a far less extensive criminal record than Parker. Cf., e.g., United States v. Plouffe, 445 F.3d 1126, 1132 (9th Cir. 2006) ("Because Plouffe's criminal history was different from that of his co-defendant, the district court had a

---

[6] Koon's ruling that abuse of discretion was the appropriate standard in certain sentencing situations was superseded by 18 U.S.C. § 3742(e), which set forth standards of review on appeal, including de novo review of departures from the applicable Guidelines range. However, Booker found § 3742(e) to be unconstitutional and excised it from the Sentencing Reform Act. See generally United States v. Menyweather, 447 F.3d 625, 631 (9th Cir. 2006).

9

reasonable basis under the advisory Sentencing Guidelines for the difference in the sentence each received . . . .").

Parker has not met his burden of establishing that his sentence is unreasonable. The sentencing court reasonably applied the relevant § 3553(a) factors to Parker's case after giving them meaningful consideration.

Parker also argues that the District Court failed to give a sufficient statement of reasons under 18 U.S.C. § 3553(c) for its imposition of sentence. Section 3553(c) requires that a sentencing court "state in open court the reasons for its imposition of the particular sentence." Because Parker did not object to this at the time of sentencing, we review this claim for plain error. United States v. Pruden, 398 F.3d 241, 248 (3d Cir. 2005).

We have also considered carefully Parker's argument that the sentencing judge failed to provide a sufficient statement of reasons for his reimposition of Parker's sentence. At resentencing, the District Court heeded counsel's arguments and sufficiently articulated its basis for reimposing Parker's original sentence. It was not required to comment explicitly on every §3553(a) factor because "the record makes clear the court took the factors into account in sentencing." Cooper, 437 F.3d at 329. The Court clearly considered the applicable Guidelines range; the nature, circumstances and seriousness of Parker's offense; Parker's history and characteristics; the need for specific and general deterrence; and the need to impose a sentence promoting respect for the law and providing just punishment. See § 3553(a). It did not plainly err.

We will affirm the judgment of the District Court.