IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA, :
    Plaintiff
: 

vs. : CRIMINAL NO. 1:CR-01-248-03

:

DARYL LONARD PARKER,
    Defendant :

*O R D E R*

THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

    On October 15, 2007, Defendant, Daryl L. Parker, filed a pro se motion under 28 U.S.C. § 2255 to vacate his cocaine-conspiracy conviction.[1] The motion raises the sole claim for relief that Defendant's lawyer was ineffective in not interviewing the witnesses Defendant identified as being able to provide a defense to the conspiracy charge.

    The motion provides no other details, and we are considering Defendant's motion for an extension of time beyond the one-year limitations period for his 2255 motion to file a memorandum which would supply facts in support of the claim. The motion seeks an extension of thirty to sixty days.

---

[1] Defendant was also convicted of the substantive offense of cocaine distribution.

Because Defendant has filed a 2255 motion raising a ground for relief from conviction (and because, in any event, the extension motion also raises the same ground), albeit in conclusory fashion, we have jurisdiction to consider the extension motion. *See Anderson v. Pennsylvania Attorney General*, 82 Fed. Appx. 745, 749 (3d Cir. 2003) (nonprecedential) (citing *Green v. United States*, 260 F.3d 78, 82 (2d Cir. 2001)).[2] However, to obtain an extension of the one-year statute of limitations for a section 2255 motion Defendant must establish he is entitled to equitable tolling of the limitations period. *United States v. Crute,* 169 Fed. Appx. 105, 108 (3d Cir. 2006)(nonprecedential); *Robinson v. Johnson*, 313 F.3d 128, 141-43 (3d Cir. 2002). Defendant has presented no grounds for equitable tolling, merely citing the approaching deadline as a reason for an extension. We will therefore deny the motion.

In any event, Defendant's deadline for filing his 2255 motion is November 28, 2007, more than thirty days off, and Defendant seeks an extension of thirty to sixty days. It thus appears that, even on Defendant's own estimate of his needed additional time, he can still timely supplement his 2255 motion.

---

[2] The ground raised is too vague for habeas relief but at the same time is substantive enough to give us the authority to consider the extension motion.

Accordingly, this 23rd day of October, 2007, it is ordered that Defendant, Daryl L. Parker's, motion (doc. 316) for an enlargement of time to file a memorandum in support of his motion under 28 U.S.C. § 2255 is denied.

 /s/William W. Caldwell
William W. Caldwell
United States District Judge
