In the United States District Court
for the Middle District of Pennsylvania

Daryl Lonard Parker,
                  Petitioner

v.

United States of America,
                  Respondent

Criminal No. 1:CR-01-248-03   J. Caldwell
Civil No.

**FILED**
HARRISBURG, PA
NOV 27 2007
MARY E. D'ANDREA, CLERK
Per _____
      Deputy Clerk


**PETITIONER'S MOTION TO AMEND 'TIMELY FILED'
28 U.S.C. SECTION 2255 MOTION**

    Petitioner, Daryl L. Parker, <u>pro se</u>, having previously moved this Honorable Court pursuant to 28 U.S.C. §2255 challenging the validity of his conviction on the ground that counsel's representation fell below Sixth Amendment standards, proffers the following law and facts in support thereof:

    **JURISDICTION:** Rule 12 of the Rules Governing Section 2255 Proceedings permits the district court to apply the Federal Rules of Civil Procedure 15 to the amendment of a §2255 motion. See <u>United States v. Duffus</u>, 174 F.3d 333, 336 (3rd Cir. 1999). Where, as relevant here, there has been no responsive pleading, leave to amend shall be freely given. Id @ 337 (quoting <u>Foman v. Davis</u>, 371 U.S. 178, 182 (1962)).

(1)

Thus, because no responsive pleading has been filed and per the district court's October 23, 2007 Order,[1] Petitioner respectfully submits that leave to amend should be granted.

## RELEVANT FACTUAL AND PROCEDURAL HISTORY OF THE CASE

### (a) Indictment

On August 1, 2001, an Indictment was filed charging Petitioner (and others) with Conspiracy to Distribute and Possession With Intent to Distribute cocaine and crack cocaine, in violation of 21 U.S.C. §846 (Count One). Count Four of the Indictment charged Petitioner with Distribution and Possession With Intent to Distribute cocaine and crack cocaine, in violation of 21 U.S.C. §841(a)(1).

A Superseding Indictment was filed on December 19, 2001, analogous to the original Indictment with the exception of the inclusion of expansive language with regards to Count Four charging Petitioner "both as a principal and as an aider and abettor," in violation of 18 U.S.C. §2.

### (b) Pre-Trial and Trial Stages

Prior to the onset of the trial proceedings Petitioner apprised counsel (William A. Fetterhoff, Esq.) that his co-defendant Travis

---

1. On October 23, 2007, this Court issued an Order denying Petitioner an extension of time to supply facts to the claim raised in the §2255 motion. The denial was predicated on the fact that the one year statute of limitations period related to §2255 motions did not expire with respect to Petitioner until November 28, 2007, thus providing Peititoner with ample time to amplify the sole claim raised in the §2255 motion.

Parker possessed exculpatory information with respect to the Conspiracy offense as it pertained to Petitioner. Counsel was further informed (by Petitioner) that Travis Parker had consented to be interviewed (by counsel) and was willing to provide testimony on Petitioner's behalf with regards to Petitioner's involvement (or lack thereof) in the Conspiracy offense charged in Count One.

The trial proceedings commenced on August 19,2002. In reference to the Conspiracy count, the Government primarily relied on the testimonies of cooperating witnesses Juan Estrella and Michael Parker. Throughout the trial Petitioner continually reminded counsel of the potentially exculpatory information possessed by Travis Parker. At no point, either pre-trial or during trial, did counsel endeavor to interview Travis Parker (or investigate the veracity of the information possessed by this witness) to ascertain whether the information possessed by this individual would be beneficial to Petitioner's defense.

At the conclusion of the Government's case counsel presented Petitioner's defense which was comprised of three witnesses: Ms.O'Tonya Bethuna, Ms.Chandra Spears and Mr.Franklin Ramsey. Rather than negate any element of the conspiracy offense, as would the testimony of Travis Parker, the testimonies of these respective witnesses merely contradicted certain portions (wholly unrelated to whether Petitioner was a member of the charged Conspiracy) of the testimony of Government's witness Michael Parker.

On August 22, 2007, the jury returned verdicts of guilty with regards to the Conspiracy offense as well Count Four.

### (c) Sentencing and Appellate Review

On April 28, 2003, Petitioner was sentenced to a term of (349) months imprisonment.

A timely notice of appeal was filed. In <u>United States v. Parker</u>, No.03-2280 (March 31, 2005) the United States Court of Appeals for the Third Circuit affirmed the conviction while remanding for resentencing in light of <u>United States v. Booker</u>, 543 U.S. 220 (2005).

On July 6, 2005, at the resentencing proceedings, Petitioner was again sentenced to (349) months.

A timely notice of appeal was filed. In <u>United States v. Parker</u>, 462 F.3d 273 (3rd Cir.2006) Petitioner's sentence was affirmed.

A timely writ of certiorari was filed. This petition was denied on November 28, 2006.

In October of 2007, a timely petition was filed pursuant to 28 U.S.C. §2255. This amendment now ensues.

## ISSUE BEFORE THE COURT:

> Counsel's representation fell below the objective standard of reasonableness required by the Sixth Amendment thus prejudicing Petitioner when counsel failed to investigate and obtain potentially exculpatory evidence from a witness readily available to the defense.

The Counsel Clause of the Sixth Amendment guarantees a defendant the right to counsel in a criminal proceeding. According to the Supreme Court, the right to counsel means the right to effective assistance of counsel. See Strickland v. Washington,466 U.S. 668,686 (1984). In order to establish that counsel's representation fell below Sixth Amendment standards, the two-prong test enunciated in Strickland requires the defendant to demonstrate: (1) that counsel's representation fell below an objective standard of reasonableness under prevailing professional norms, See United States v. Gray,878 F.2d 702,710 (3rd Cir.1989)(quoting Strickland, 466 U.S. @ 688), and (2) that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Id. 878 F.2d @ 710 (quoting Strickland,466 U.S. @ 694).

### (1) The objective (un)reasonablenss of counsel's actions

Attorney's have a professional obligation to conduct "reasonable investigations or to make a reasonable decision that makes a particular investigation unnecessary." Strickland,466 U.S. @ 691. The duty to investigate derives from counsel's basic function, which is "to make the adversarial testing process work in a particular

case." Strickland, 466 U.S. @ 690. "Because that testing process generally will not function properly unless defense counsel has done some investigation into the prosecution's case and into various defense strategies, [the Supreme Court has] noted that counsel has a duty to make reasonable investigations or to make a reasonable decision that makes a particular investigation unnecessary." Id. @ 691. In Gray, this Circuit, in discussing the duty of counsel to conduct reasonable investigations, explained that the complete failure of counsel to investigate is unreasonable because "counsel can hardly be said to have made a strategic choice against pursuing a certain line of investigation when s/he has not yet obtained the facts on which such a decision could be made." Gray, 878 F.2d @ 711.

Following the rationale of Strickland and Gray, the objective unreasonableness of counsel's performance in this instance is manifest. Both prior to and during the course of the trial, Petitioner informed counsel that Travis Parker possessed potentially exculpatory information with respect to the conspiracy and was willing to testify on behalf of the defense.[2/] However, instead of pursuing (through investigation) the information possessed by Travis Parker, in conjunction with the information possessed by the other witnesses for the defense, counsel instead opted to focus his investigation

---

2. The Supreme Court noted in Strickland that the degree of investigation depends in large part on the information provided by the defendant. Id. 466 U.S. @ 691. The record depicts in this instance that Petitioner repeatedly informed counsel of Travis Parker's desire to testify on Petitioner's behalf.

on the information possessed by Ms.Bethuna, Ms.Spears and Mr.Ramsey, and ultimately presented the testimony of these three witnesses to the jury.[3/] While the testimony of these witnesses was relevant to Petitioner's defense, it did not rise to the magnitude of the testimony which would have been given by Travis Parker had the substance of the information he possessed been investigated and his testimony presented by counsel. As detailed in the Sworn Affidavit submitted by Travis Parker [See Appendix "A"], this witness, had he taken the stand would have stified to, <u>inter alia</u>, that:

• Petitioner did not introduce Michael Parker to Juan Estrella nor facilitate any relationship between the two which was based upon (or revolved around) the purchasing of cocaine or crack cocaine.

• Contrary to the testimony of Michael Parker, Travis Parker did not accompany Jabar Sease, Darrell Jennings and Michael Parker to purchase cocaine or crack cocaine from Petitioner on February 12, 2001.

• Michael Parker (nor any other member of the alleged "212 Gang"), to the knowledge of Travis Parker, had never shared a profit from the distribution of cocaine or crack cocaine with Petitioner, never pooled money with Petitioner for the purpose

---

3. The fact that counsel's representation was competent in the aspect of investigating the information possessed by the other witnesses by no means rules out the possibility that counsel's failure to investigate potentially exculpatory evidence amounted to constitutionally ineffective representation. See <u>Bryant v. Scott</u>, 28 F.3d 1411, 1418-19 (5th Cir.1994).

of purchasing cocaine or crack cocaine, nor ever aided Petitioner in the distribution or purchase of cocaine or crack cocaine.

- Travis Parker was never present when Petitioner allegedly cooked crack cocaine nor was this individual taught to cook crack cocaine by Petitioner.

In light of the heretofore referenced information possessed by Travis Parker, the significance of this testimony (had it been presented) is indisputable. Based on the affidavit submitted by Travis Parker it is clear that counsel made no attempt to interview this witness. Thus counsel's decision not to call Travis Parker as a witness for the defense - if it was a decision at all - was necessarily one made after an incomplete investigation, for counsel never spoke to Travis Parker to see what this individual had to say. Only if it was objectively reasonable for counsel to self-limit his investigation in this way may his 'decision' not to present Travis Parker as a witness for the defense be considered reasonable. See e.g. Montgomery v. Petersen, 846 F.2d 407, 413 (7th Cir. 1988).

Although factors tending to diminish Travis Parker's credibility may have supported a strategic decision by counsel not to call this individual at trial, those considerations do not suggest that counsel's total failure to investigate information possessed by this inidividual was a strategic decision. Without speaking to this individual, counsel was ill-equipped to assess his credibility or persuasiveness as a witness, despite the objective factors

which may have impugned this individual's credibility.[4] Moreover, the fact that this individual possessed knowledge of Petitioner's lack of participation in the charged conspiracy, made counsel's duty to investigate the substance of the information possessed by this individual even more exigent. See Lawrence v. Armontrout, 900 F.2d 127,130 (8th Cir.1990)(stating that "counsel has a duty... to investigate **all** witnesses who allegedly possess knowledge concerning [the defendant's] guilt or innocence.")(emphasis added).

In sum, the witness was readily available to counsel for investigatory purposes, and the witness, if believed, would have provided the jury a reason to acquit Petitioner of the conspiracy offense. Thus, counsel's complete abdication of his duty to investigate (the information possessed by this potential witnness), as recognized in Gray,878 F.2d @ 712 (quoting Strickland,466 U.S. @ 690), caused counsel's performance to fall below an objective standard of reasonableness as required by the Sixth Amendment.

### (2) Prejudice

A showing of constitutionally deficient performance does not reduce Petitioner's obligation under Strickland to independently demonstrate the existence of prejudice. See Gray,878 F.2d @ 712.

---

4. The likelihood of Travis Parker's credibility having a major effect on the jury is minimal. This individual's testimony would not have been proffered for the purpose of trying to exculpate himself. Rather, his testimony merely addressed Petitioner's position that he was not a member of the charged conspiracy. Hence, because this individual's testimony was offered solely for petitioner's defense, and not for any "self-serving" purpose, the jury would have been more inclined to find this witness's testimony credible.

Further, prejudice is inherently more speculative than an objective determination of ineffectiveness. See <u>Coss v. Lackawanna Cty. Dist. Attorney</u>, 204 F.3d 453, 463 (3rd Cir. 2000)(stating that courts should evaluate the totality of evidence in determining prejudice). As previously noted, in order to establish prejudice Petitioner must show that there is a "reasonable probability that absent the errors, [i.e., counsel's failure to investigate], the [jury] would have had a reasonable doubt respecting guilt." See <u>Strickland</u>, 466 U.S. @ 694.

In relation to the conspiracy offense charged, the testimony of Michael Parker was the linchpin of the Government's case against Petitioner. There was no audio, video or any other testimonial evidence from other witnesses implicating Petitioner in the conspiracy offense other than the testimony of Michael Parker (and to a much lesser extent Juan Estrella). Hence, the Government's ability to convict on the conspiracy offense hinged on the credibility of Michael Parker. According to the jury's verdict, Michael Parker's testimony demonstrated that between the years of 1996 through July 3, 2001, Petitioner (and other co-conspirators): (1) shared a unity of purpose, (2) had the requisite intent to achieve a common goal or scheme, and (3) agreed to work together towards that goal, which in this case was the distribution of cocaine and crack cocaine.

The pivotal facts in which the Government elicited from Michael Parker to substantiate its allegation that Petitioner

(10)

was a member of the charged conspiracy was the testimony of this witness that:

- Petitioner had taken him to New York to purchase cocaine in 1998 from an individual named "Nando" but that they instead wound up purchasing 12 grams of cocaine from Juan Estrella (whom Petitioner then allegedly introduced to Michael Parker). According to the witness, he and Petitioner 'pooled' their money together to purchase the cocaine and divided the cocaine between the two with Petitioner taking a large portion and leaving the witness with approximately $400 worth. The witness also testified that after Petitioner had introduced he and Juan Estrella, he had began to regularly purchase cocaine from Juan Estrella. (See Transcripts, August 20, 2002 @ p.156-61).

- Petitioner had taught him and Travis Parker how to cook crack cocaine. (See Transcripts, August 20, 2002 @ p.171-72).

- He had accompanied Jabar Sease (and others) to obtain crack cocaine from Petitioner on February 12, 2001. (See Transcripts, August 20, 2002 @ p.174-77).

On cross-examination counsel assailed the vulnerabilities in the Government's case with vigor. Through his cross examination of Michael Parker counsel was able to establish that Petitioner was not a member of the "212 Gang" as charged in the indictment, and that Petitioner's alleged drug transactions were done for personal gain and not in furtherance of the "212 Gang" as

the Indictment alleged,[5] and for all but (21) months of the approximately (5) year conspiracy, Petitioner was incarcerated.

But whatever the deficiencies in the Government's case that counsel succeeded in exposing in this fashion, his defense of Petitioner did not elicit testimony that Petitioner had not engaged in the requisite conduct to be held culpable for the conspiracy offense such as the information possessed by Travis Parker. The testimony of Travis Parker, to the extent that it established that Petitioner did not introduce Government witnesses Michael Parker and Juan Estrella, did not share any profit from the distribution of cocaine and crack cocaine with Michael Parker nor pool any monies with this individual (or any other member of the alleged "212 Gang") for the purpose of purchasing cocaine or crack cocaine, would have given the jury a qualitatively different and more powerful reason to believe that Petitioner was not a member of the charged conspiracy, especially when considered with the aforementioned admissions elicited from Michael Parker upon being cross-examined by counsel.

---

5. In reference to Petitioner's alleged membership in the "212 Gang", Michael Parker testified, in relevant part, as follows:

    Counsel: Was Daryl running the streets with you, by your side, in York, Pa. when you were dealing all these drugs?

    Witness: No.

    Counsel: No, and you told the FBI that Daryl Parker **was not a member of the "212 Gang". Was that right?**

    Witness: **Right.**

    Counsel: **And that basically whatever Daryl did in the drug transactions, he did for himself, not for you or anybody elese. Is that right?**

    Witness: Right.

    (See Transcripts, August 20, 2002 @ p.213)(emphasis added)

To be absolutely clear, the heretofore prejudice discussion is little more than speculation - it is merely a theory that could have been presented to the jury had counsel investigated the information possessed by Travis Parker. By stating possible scenarios, Petitioner does not intend to suggest that this theory is anything but that - theory. But speculation is often the key to determining the existence of "reasonable doubt".

It is, of course difficult to predict the effect the testimony of Travis Parker would have had on the jury's deliberations. But to establish prejudice, it is not necessary to establish that counsel's conduct "more likely than not" altered the outcome in this case. See <u>Strickland</u>, 466 U.S. @ 693. Rather, it is only necessary to establish probability "sufficient to undermine confidence in the outcome." Id. @ 694. Notwithstanding the testimony of other Government witnesses, Michael Parker's credibility was an important (if not the principal) aspect of the Government's case. Counsel's failure to investigate the information possessed by Travis Parker left Michael Parker's version of Petitioner's participation in the conspiracy offense essentially the only version that was presented to the jury. As such, counsel's deficient investigation led to a "breakdown in the adversarial process that our system counts on to produce just results."[6/] See <u>Strickland</u>,

---

6. Other courts have found the Strickland prejudice test satisfied in similar circumstances. See <u>Coss</u>, 204 F.3d @ 463-64 (finding that counsel's failure to investigate had a "pervasive effect" on evidentiary picture at trial and failure to interview witnesses was prejudicial); <u>Gray</u>, 878 F.2d @ 714 (holding that defendant met prejudice test of <u>Strickland</u> where counsel's

466 U.S. @ 696. It deprived Petitioner of virtually any chance of an acquittal (of the conspiracy offense) and given the vulnerabilities in the testimony of the Government witness Michael Parker, would have increased the odds of an acquittal of the conspiracy. See Washington v. Smith, 219 F.3d 620, 634 (7th Cir. 2000).

## CONCLUSION

The record in this instance illustrates that there is no plausible explanation (nor can it be classified as a reasonable decision) which could be proffered for counsel's failure to investigate the potentially exculpatory testimony from a witness who was readily available to the defense. The record further indicates that the possibility of a different outcome cannot be discounted had counsel pursued the line of defense offered by the omitted witness.

---

6. (continued)
   failure to investigate meant significant evidence corroborating defendant's theory was never presented at trial); see also Brown v. Myers, 137 F.3d 1154, 1157 (9th Cir. 1998)(concluding that failure to investigate meant that testimony of witnesses which would have significantly altered evidence in the case was never heard); Johnson v. Baldwin, 114 835, 839-40 (9th Cir. 1997)(finding that counsel's failure to investigate prevented presentation of theories and challenges to credibility of prosecution witnesses); Williams v. Washington, 59 F.3d 673, 682 (7th Cir. 1995)(stating, inter alia, that defense counsel's failure to properly investigate case provided defendant "with a significantly different trial than she might have received if represented by a competent attorney").

WHEREFORE, in accordance with Rule (8) of the Rules Governing Section 2255 Proceedings, because the files and records do not conclusively show that Petitioner is entitled to no relief, Petitioner respectfully request that this Honorable Court grant an evidentiary hearing (at which time such witnesses could be summoned be fore the court whose testimony may be necessary for the resolution of the claim) and/or grant any other such relief deemed just and equitable under the circumstances.

Dated: 11/22/07

Respectfully Submitted,

/s/ *Daryl L. Parker*
Daryl L. Parker
Reg. No. 10866-067
FCI SCHUYLKILL
P.O. BOX 759
Minersville, PA. 17954-0759

(15)




Daryl L. Parker
Reg.No.10866-067
FCI SCHUYLKILL
P.O. BOX 759
Minersville, PA. 17954-0759

Office of the Clerk
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA
U.S. Courthouse
228 Walnut Street
P.O. BOX 983
Harrisburg, PA. 17108