IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

CRIMINAL NO. 1:CR-01-248
CIVIL NO.

FILED
HARRISBURG, PA
APR 1 7 2008
MARY E. D'ANDREA, CLERK
Per _____
        Deputy Clerk

DARYL LONARD PARKER,
                        Petitioner

v.

UNITED STATES OF AMERICA,
                        Respondent


PETITIONER'S RESPONSE TO THE RESPONDENT'S
BRIEF OPPOSING 28 U.S.C. § 2255 MOTION


Daryl Lonard Parker, pro se
Reg.No.10864-067
FCI SCHUYLKILL
P.O. BOX 759
Minersville, PA. 17954-0759

Dated: April 14, 2008

## ARGUMENT

The Government contends that counsel was not ineffective in failing to interview Travis Parker because counsel was never specifically told by Petitioner that Travis Parker would provide favorable testimony on behalf of the defense. The Government relies on United States v. Satterfield, 322 F.Supp.2d 613 (E.D.Pa.2004) which, relying on the Pennsylvania Supreme Court, enunciated a test for when counsel's representation should be deemed constitutionally ineffective for failing to call a particular witness. In Satterfield the district court cited five prongs in which the defendant must satisfy when challenging the constitutionality of counsel's representation for failing to call a witness.[1/] The Government acknowledged that Petitioner has satisfied three of the five prongs of Satterfield. The Government also does not dispute the fifth prong (prejudice) but merely notes that if in fact Petitioner is entitled to relief his Guideline range "could conceivably have been lower." See Brief Opposing Section 2255 Motion, @ 14-15.

---

1. The five prong test of Satterfield for failure to call a witness requires the Petitioner to show that:

    (1) the witness existed; (2) the witness was available to testify; (3) counsel knew or would have known of the existence of the witness; (4) the witness was willing to testify for the defense; and (5) the absence of the witness was so prejudicial as to have denied Petitioner a fair trial.

    Id. 322 F.Supp. 2d @ 622.

Thus, for purposes of Petitioner's reply, it is only necessary to address the Government's contention that prong three of <u>Satterfield</u> has not been established.

> (i) Reasonably competent counsel would have known of the existence of Travis Parker as a possible witness based on the Government's evidentiary submissions (including the testimony of Michael Parker) which tended to inculpate Petitioner in certain conspiritorial acts through conduct allegedly committed with Travis Parker.

In order to provide reasonably competent representation counsel is required "to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." <u>Strickland v. Washington</u>, 466 U.S. 668, 691 (1984). In light of this component of <u>Strickland</u>, the only question which must be posed in this instance is should counsel have known of the existence of Travis Parker as a potential witness. This question can only be answered by first assessing the reasonableness of counsel's failure to interview (or at least attempt to do so) Travis Parker in light of the Government's evidence which tended to implicate Petitioner in the charged conspiracy through certian instances of conduct involving Travis Parker.

The testimony of Government's witness Michael Parker should have magnified counsel's awareness of his need to at a minimum endeavor to interview Travis Parker in at least two respects even assuming, <u>arguendo</u>, that Petitioner, as counsel alleges, did not speak with him in regards to Travis Parker.

First, reasonably competent counsel would have been compelled to question Travis Parker as to whether he was taught how to cook crack cocaine by Petitioner due to Michael Parker's allegation that it was Petitioner whom had shown he and Travis Parker how to prepare the drug.

Second, reasonably competent counsel would have questioned Travis Parker as to whether he had accompanied Jabar Sease (and others including Michael Parker) to purchase crack cocaine from Petitioner on February 12, 2001, as Michael Parker's testimony alleged.

As the Government's case with respect to the charged conspiracy began to unfold (via the testimony of Michael Parker) it became obvious that the **only** individual whom could rebut the testimony of Michael Parker, other than Petitioner, was co-defendant Travis Parker.

Had counsel's performance been consistent with that of "prevailing professional norms," Strickland,466 U.S. @ 690, counsel would have at a minimum attempted to interview Travis Parker to ascertain whether there was any validity to Michael Parker's testimony implicating his client in certain conspiritorial acts.

Assuming that counsel had acted reasonably and taken steps to interview Travis Parker after hearing the testimony of Michael Parker, he would have gleaned, without having been apprised by Petitioner, that Travis Parker possessed potentially exculpatory testimony germane to the conspiracy offense, i.e., testimony that Petitioner

did not show Travis and Michael Parker how to prepare crack cocaine from cocaine hydrochloride, Petitioner did not introduce Michael Parker to Juan Estrella, Travis Parker did not accompany Jabar Sease (and others) to purchase an amount crack cocaine from Petitioner on February 12, 2001, Petitioner has never shared a profit from the distribution of crack cocaine with any member of the alleged '212 Gang' and has never pooled money with any member of said gang to purchase any amount of crack cocaine. And even more important, counsel would have learned that Travis Parker was willing to provide such testimony in Petitioner's defense had he been called to testify.

Consequently, had counsel acted in a manner objectively reasonable by attempting to interview and/or investigate what information 'may' have been possessed by Travis Parker, he would have known that Travis Parker was in fact available to testify. Hence, only if it was objectively reasonable for counsel to self-limit his investigation by failing to make an endeavor to interview Travis Parker to ascertain what this potential witness knew, with respect to the relevant portions of Michael Parker's testimony and the Government's case in general implicating Petitioner through acts which evidence suggest Travis Parker would have been knowledgable, can counsel's strategic decision not to pursue this witness be deemed reasonable under <u>Strickland</u>. Under similar circumstances where an attorney has utterly failed to pursue a certain line of investigation the Thrid Circuit has held,

> Ineffectiveness is generally clear in the context of complete failure to investigate because counsel can hardly be said to have made a strategic choice against pursuing a certain line of investigation when s/he has not yet obtained the facts on which such a decision could be made.
>
> <u>United States v. Gray</u>, 878 F.2d 702, 711 (3rd Cir.1989)

Thus, under the logic of <u>Gray</u>, the deficiency of counsel's performance is manifest because although the evidence suggested that he do such, counsel utterly failed to pursue a line of investigation that would have been beneficial to the defense and counsel has offered no reason, nor can he, as to why he failed to interview Travis Parker to at a minimum see what this individual had to say and whether he would have been willing to provide testimony for the defense.

In summation, under the third prong of the <u>Satterfield</u> test endorsed by the Government, had counsel not abdicated his duty to investigate a witness whom possessed potentially exculpatory evidence, he would have known of the existence and availability of this witness to testify, and his failure to pursue such testimony rendered his performance "outside the wide range of professionally competent assistance." See <u>Strickland</u>, 466 U.S. @ 690.

## CONCLUSION

Based on the foregoing facts, this Honorable Court should order an evidentiary hearing at which time testimony can be provided from all relevant witnesses in regards to: (1) what information was given to counsel by Petitioner (with respect to Travis Parker);

(2) whether Travis Parker would have testified had he been interviewed by counsel; (3) whether counsel should have conducted an independent investigation, i.e., attempting to interview Travis Parker, based on the testimony of Michael Parker.

Respectfully Submitted,

/s/ *[signature]*
Daryl Lonard Parker

# PROOF OF SERVICE

I certify that on __4-16-08__ (date) I mailed a copy of this brief and all attachments via first class mail to the following parties **at the addresses listed below:**

```
Christy H. Fawcett
Assistant U.S. Attorney
Federal Building
228 Walnut Street
Suite 220
Harrisburg, PA. 17108-1754
```

# PROOF OF SERVICE FOR INSTITUTIONALIZED OR INCARCERATED LITIGANTS

In addition to the above proof of service all litigants who are currently institutionalized or incarcerated should include the following statement on all documents to be filed with this Court:

I certify that this document was given to prison officials on __4-16-08__ (date) for forwarding to the Court of Appeals. I certify under penalty of perjury that the foregoing is true and correct. 28 U.S.C. §1746.

_____
Signature

Dated: April 16, 2008

O:\FORMS\CHKLISTS\Briefs_Appendix\InformalBrief.wpd

REV. 02/95                                                              6

Mr. Ray R. Parker
#10866-067
F.C.I. Schuylkill
P.O. Box 759
Minersville, Pa. 17954

Middle District of Pennsylvania
Honorable Judge William Caldwell
Att: Clerk
228 Walnut Street
Harrisburg, PA 17108