**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES** | : | |
| | : | 1:01-CR-248 |
| v. | : | |
| | : | (JUDGE MANNION) |
| **DARYL LONARD PARKER,** | : | |
| Defendant | : | |

## **MEMORANDUM**

**I.** **BACKGROUND**

On March 19, 2019, the 2003 sentence of defendant Daryl Lonard Parker was reduced from 349 months to 251 months pursuant to the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 ("FSA").[1] Presently pending is the *pro se* motion of Parker to appoint counsel and to modify his sentence which he filed on March 29, 2019. (Doc. 456). Parker contends that he has earned about 918 days of good time credits and that he will not receive the benefit of additional credits he earned under the FSA since the Bureau of Prisons ("BOP") "will not add the additional seven (7) days of Good Time until June 2019." Section 102(b)(1) of the FSA amended 18 U.S.C.

---

[1]Section 404 of the FSA, which "permits the district courts to reduce a sentence retroactively based on the revised statutory penalties of the Fair Sentencing Act of 2010, Pub. L. 111-220, 124 Stat. 2372", "is the only provision that applies retroactively to defendants who have already been sentenced." United States v. Powell, 2019 WL 1521972, *3 n.1 (E.D.Ky. April 8, 2019). Also, §404(b) of the FSA "only amended the statutory sentencing ranges for crack cocaine offenses." *Id*.

1

§3624(b) to permit federal inmates to earn 54 days of good conduct time for each year of the sentence imposed. *See* United States v. Powell, 2019 WL 1521972 (E.D.Ky. April 8, 2019) ("[T]he [FSA] amended 18 U.S.C. §3624(b)(1) to change the manner in which [good time] credits are calculated by increasing the maximum allowable good conduct time from 47 to 54 days per year.").

As such, Parker essentially claims that, under the FSA, the BOP must recalculate his good time credit. Specifically, Parker requests the court to direct "the Federal Bureau of Prisons to immediately modify [his] sentence by approximately 161 days pursuant to the signing of the First Step Act of December 21, 2018." Parker indicates that if he receives the additional 7 days of good time credit, his release date will be in about 30 days from the date of his motion.

The government responded to Parker's motion on April 25, 2019, (Doc. 458), and argues that the motion, properly construed as a habeas petition under 28 U.S.C. §2241, should be dismissed without prejudice because this court lacks jurisdiction over it and it must be filed in the district where Parker is confined. Parker filed a traverse in support of his motion on May 6, 2019. (Doc. 462).

## II. DISCUSSION

Since Parker is challenging BOP's computation of his good-time credit,

his motion is construed as a petition for habeas corpus under 28 U.S.C. §2241 because it is an attack on the execution of his sentence by the BOP. *See* United States v. Yates, 2019 WL 1779773 (D.Ks. April 23, 2019) (court construed defendant's motion under the FSA for time served, claiming that the BOP must recalculate his good time credits and give him 26 extra days credit, as a §2241 habeas petition since defendant was challenging the BOP's computation of his good time credits) (citing Warren v. United States, 707 Fed.Appx. 509, 511 n. 4 (10th Cir. 2017) ("If, ..., a prisoner seeks to challenge certain 'matters that occur at prison, such as deprivation of good-time credits and other prison disciplinary matters ... affecting the fact or duration of the [prisoner's] custody,' that claim must be raised in a §2241 application rather than a §2255 motion."); United States v. Parrett, 2019 WL 1574815, at *2 (E.D.Wis. Apr. 11, 2019) ("[W]hen the good-time provisions of the [FSA] do go into effect, the proper vehicle for [the prisoner] to use to request relief (after exhausting administrative remedies) would be a petition for habeas corpus under ... §2241.")); Powell, 2019 WL 1521972, *1 ("A post-conviction motion attacking either the execution of a sentence or confinement that is not the result of a trial court's judgment must be brought in a petition pursuant to 28 U.S.C. §2241 in the district where the defendant is incarcerated ....").

It is well-settled that a habeas corpus petition pursuant to 28 U.S.C. §2241 may be brought by a prisoner who seeks to challenge either the fact or duration of his confinement in prison. Preiser v. Rodriguez, 411 U.S. 475,

498–99 (1973). Federal habeas corpus review is available "where the deprivation of rights is such that it necessarily impacts the fact or length of detention." Leamer v. Fauver, 288 F.3d 532, 540 (3d Cir. 2002).

Moreover, the BOP, and not a federal court, has the authority to calculate and award a federal prisoner good time credit. Powell, 2019 WL 1521972, *2 (citing 18 U.S.C. §3624). Thus, Parker's challenge to the BOP's calculation of good time credit is a challenge to the duration of his confinement and such a claim is properly brought in a petition for habeas corpus pursuant to 28 U.S.C. §2241. *See* Woodall v. Federal Bureau of Prisons, 432 F.3d 235, 241 (3d Cir. 2005).

In fact, in his traverse, Parker concedes that his present motion "may be construed as a motion under 28 U.S.C. §2241 or §2255."

Since Parker's motion is construed as a §2241 habeas petition, he must file his petition "in the judicial district where he is incarcerated against 'the person who has custody' over him." Yates, 2019 WL 1779773, *2; *see also* Rumsfeld v. Padilla, 542 U.S. 426, 443 (2004) ("Whenever a §2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement."); Johnson v. Williamson, 350 Fed.Appx. 786 (3d Cir. 2009) (venue for inmate's habeas claims lies in the judicial district where he is confined).

Parker is currently confined at FCI Loretto which is located in the

Western District of Pennsylvania. Also, the only proper respondent regarding Parker's filing is the warden at FCI Loretto since he has custody of Parker. *See* 28 U.S.C. §§2242 and 2243; *see also* Rumsfeld, 542 U.S. at 434. Thus, this court lacks jurisdiction over Parker's motion. As such, Parker's motion will be dismissed without prejudice to allow him to file a §2241 habeas petition in the Western District of Pennsylvania when §102(b)(1) goes into effect.[2]

### III. CONCLUSION

Based on the foregoing, Parker's motion to modify his sentence, (Doc. 456), construed as a petition for writ of habeas corpus under 28 U.S.C. §2241, will be **DISMISSED** for lack of jurisdiction. Parker's motion to appoint counsel will be **DENIED AS MOOT**. An appropriate order will follow.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Dated: May 7, 2019**
01-248-01.wpd

---

[2] No doubt that Parker must exhaust his BOP administrative remedies prior to filing his §2241 habeas petition in the proper district. *See* Moscato v. Fed. Bureau of Prisons, 98 F.3d 757, 760 (3d Cir. 1996); Callwood v. Enos, 230 F.3d 627, 634 (3d Cir. 2000).

Further, even if this court did have jurisdiction over Parker's motion, it would be denied as premature. Although §102(b)(1) of the FSA increased the maximum allowable good time from 47 to 54 days, this provision will not take effect until approximately July of 2019. Powell, 2019 WL 1521972, *3; Crittendon v. White, 2019 WL 1896501 (M.D.Pa. April 29, 2019) (court summarily dismissed petitioner's §2241 habeas petition seeking a recalculation of his good-time credit based upon the FSA as premature).

5